UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8708-WM

UNITED STATES OF AMERICA

v.

HELTON GRUENDER AVILA-VASQUEZ,

Defendant.
_____/

FILED BY SW D.C.
Dec 2, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: /s/ John C. McMillan
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.

HELTON GRUENDER AVILA-VASQUEZ,

Defendant(s)

Case No. 25-MJ-8708-WM

FILED BY ___SW___ D.C.

Dec 2, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __10/14/2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(5)(A), 924(a)(8) | Illegal Alien in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, Deportation Officer, ICE
Printed name and title

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: December 2, 2025

_____
Judge's signature

City and state: West Palm Beach, Florida

Hon. William Matthewman, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT
# OF
# ANDY KORZEN
## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION AND CUSTOMS ENFORCEMENT
### Case No. 25-mj-8708-WM

I, Andy Korzen, being duly sworn, depose and state as follows:

1.  I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-two years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2.  This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Helton Gruender AVILA-VASQUEZ committed the offense of possession of a firearm by an alien illegally and unlawfully in the United States, in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8).

3.  On October 14, 2025, at approximately 1:20 am, Deputies from Palm Beach County Sheriff's Office (PBSO) were dispatched to 524 South L Street, Apartment 2, Lake Worth Beach, Palm Beach County, Southern District of Florida, in reference to a report of a shooting into an occupied residential dwelling.

4.  On arrival, PBSO Deputy Hylton spoke with complainant C.V.J. who showed him the rear window of Apartment 2, which was broken and had a bullet hole near the top of the window. It appeared that a single shot was fired which woke up other

1

residents in the apartment. The bullet did not make contact with any of the residents; however, it traveled through the window, across the bedroom and into the closet. It went through the closet wall, exited on the other side, into the living room area of Apartment 1.

5. On October 14, 2025, at approximately 2:11 a.m., PBSO detective E. Vasquez arrived on the scene, and after being briefed conducted a recorded sworn statement with J.S.V., one of residents of 524 South L Street. J.S.V. advised the following: his minor teenage sister, J.S.V.-2, is a frequent runaway and had recently run away about a week ago and has not returned. He advised that some time after 1:00 a.m. that morning, a short Hispanic male, with curly hair, wearing a blue shirt knocked on the front door. J.S.V. and another resident, S.O.P., opened the door to the residence. J.S.V. advised that Hispanic, male was asking for (minor female) J.S.V.-2, and S.O.P. told him to come back in the morning and closed the door. J.S.V. advised a few minutes later he heard something hit the window of the northeast bedroom of the residence, shattering the glass. A few minutes after that, he heard a gun shot and what sounded like the window being struck by the gun shot.

6. S.O.P. provided a recorded sworn statement advising that he heard a knock at the front door of the residence sometimes after 1:00 a.m. that morning. He made contact with a shorter Hispanic male with curly hair, wearing a blue t-shirt. The Hispanic male asked for J.S.V.-2, but was told to come back in the morning, and S.O.P. closed the door.

7. S.O.P. observed the male walking towards the northeast corner of the residence. A few minutes later, he heard something hit the window, shattering the glass,

and a gun shot and what sounded like the window in southeast bedroom being struck by the gun shot.

8. A third resident of the apartment and mother of J.SV.-2, C.V.J. also provided a recorded sworn statement advising she was awake when she heard a loud knock on the door. The two male residents answered the door and were met by a Hispanic male. She advised that she didn't see the male, but J.S.V. had told her it was the same male that J.S.V.-2 was staying with when she was located as a runaway in 2024. She advised that she had a picture of the male and that she knew where he resided on B Street. S.O.P. also confirmed that individual on the picture was the same individual he encountered at the front door earlier wearing the blue shirt and walked to the rear of the residence. The individual depicted in the aforementioned photo image was later identified as defendant Helton Gruender AVILA-VASQUEZ.

9. A short time later that same morning, Helton Gruender AVILA-VASQUEZ was located in front of 205 North B Street, Lake Worth Beach, Palm Beach County, Southern District of Florida. Helton Gruender AVILA-VASQUEZ was observed by the deputies near a garbage can on the side of the road. As contact was made with Helton Gruender AVILA-VASQUEZ, a blue/green shirt was located within the garbage can, which was on North B Street, upon the public roadway. In recorded sworn post-*Miranda* statement, Helton Gruender AVILA-VASQUEZ advised he knows J.S.V.-2 but has no relationship with her. He claimed that he resides at 205 North B Street and that he was outside his apartment all night. He advised that he was taking the trash bin out to the roadway when PBSO deputies first arrived. Helton Gruender AVILA-VASQUEZ denied any knowledge about the shooting and denied going to J.S.V.-2's residence. Helton

3

Gruender AVILA-VASQUEZ was asked about the shirt that was within the trash bin that he was next to, and he denied that shirt was his, and that he did not throw it away. He also advised that his mother resides in Lantana.

10. PBSO detective E. Vasquez made contact with individuals standing in front of 211 North B Street. The female identified herself as M.V.V., Helton Gruender AVILA-VASQUEZ's mother. The young male identified himself as H.M.V., his brother. Another Hispanic male also exited the residence and identified himself as E.L.L, his stepfather of AVILA-VASQUEZ. In their respective sworn statement they advised that Helton Gruender AVILA-VASQUEZ lives there, at 211 North B Street.

11. Later that same morning, October 14, 2025, PBSO detectives obtained and executed a lawful residential search warrant at 211 North B Street, Lake Worth Beach, Florida. Said search warrant included the curtilage of the residence. During execution of the search warrant, following items were located in the middle, westernmost bedroom of the residence:

- identification cards and correspondence belonging to Helton Gruender AVILA-VASQUEZ,
- a box of empty sandwich bags,
- a dark blue bag containing a clear container with a red top, containing marijuana residue, and a black digital scale,

The following items were located outside of the residence:

- At the exterior north side of the residence, a 9MM Smith & Wesson M&P9 Shield semi-automatic pistol, bearing serial# HXE7590, with a black frame and distinctive white over black snakeskin pattern camouflaged slide.

- Hidden next to an AC unit on the west side exterior wall, a Smith & Wesson M&P9 handgun magazine with 9MM live ammunition,

12. On October 14, 2025, Helton Gruender AVILA-VASQUEZ was arrested and charged by local authorities with the offense of transportation of drug paraphernalia. He was detained and booked into Palm beach County Jail.

13. On October 14, 2025, Detective E. Vasquez executed a DNA search warrant and collected Helton Gruender AVILA-VASQUEZ DNA and placed it into evidence. On October 15, 2025, NIBIN technician Nastacia Taylor-Vertefeuille swabbed recovered firearm for possible presence of DNA, which was submitted to be compared with Helton Gruender AVILA-VASQUEZ's DNA.

14. On November 10, 2025, results of DNA comparison were received from DNA Labs International, a nationally and internationally certified DNA analysis laboratory. Certificate of Analysis indicates that:

- Swabs from trigger/int. guard- The DNA profile obtained from this item indicates a mixture of at least two individuals with at least one male contributor. Helton Avila-Vasquez could not be ruled out as a possible contributor to this mixed DNA profile. The DNA profile obtained from this item is approximately 28 quadrillion times more likely if the sample originated from Helton Avila-Vasquez and one unknown person than if it originated from two unknown persons. This analysis provides very strong support for the proposition that Helton Avila-Vasquez is a contributor to the DNA profile obtained from the sample. The DNA profile of the additional contributor to the mixture was not determined; however, the results are suitable for comparison.

5

- Swabs from body/frame and Swabs from grips- No blood was indicated on these items. These swabs were combined into a single sample for DNA analysis. The DNA profile obtained from this sample indicates a mixture of at least three individuals with at least one male contributor. Helton Avila-Vasquez could not be ruled out as a possible contributor to this mixed DNA profile. The DNA profile obtained from this sample is approximately 3.7 quadrillion times more likely if the sample originated from Helton Avila-Vasquez and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that Helton Avila-Vasquez is a contributor to the DNA profile obtained from the sample. The DNA profiles of additional contributors to the mixture were not determined; however, the results are suitable for comparison.

15. On December 1, 2024, ATF Special Agent and Firearms Nexus Expert Mark B. Finnamore verified that the firearm and ammunition seized in this investigation by the PBSO was not manufactured in the State of Florida, and that by their subsequent recovery within Florida, that such of necessity traveled in and affected interstate and/or foreign commerce.

16. A review of United States Department of Homeland Security records establish that Helton Gruender AVILA-VASQUEZ is a native and citizen of Guatemala, without any legal status in the United States. Helton Gruender AVILA-VASQUEZ entered the United States without being admitted or inspected.

17. Records further show that on or about June 7, 2021, Helton Gruender AVILA-VASQUEZ was granted Deferred Action for Childhood Arrivals (DACA) status, valid until June 6, 2023. Your affiant is aware on the basis of his training and experience

6

that DACA status did not and does not change the status of an individual as being illegally and unlawfully within the United States. Rather, such merely provided that the government would not seek enforcement action (removal) of the individual upon which it was conferred for a specified time period. Subsequent or prior to the expiration of his initial DACA grant, AVILA-VASQUEZ reapplied for DACA consideration, therein stating that he entered the United States on December 5, 2002, at Tucson, Arizona, and as of June 15, 2012, had no lawful status in the United States.

18. On March 29, 2023, Helton Gruender AVILA-VASQUEZ's application for renewal of DACA was approved with expiration date of March 28, 2025. Helton Gruender AVILA-VASQUEZ's DACA protection was not renewed, and he is currently in removal proceedings.

19. Based upon the above facts and information, I submit there is probable cause to believe that Helton Gruender AVILA-VASQUEZ violated federal law, that is, the knowing possession of a firearm and ammunition by an alien illegally and unlawfully

in the United States, in violation of Title 18, United States Code, Section 922(g)(5)(A) and 924(a)(8).

FURHER YOUR AFFIANT SAYETH NAUGHT.

Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1
THIS 2nd DAY OF DECEMBER, 2025.

**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: HELTON GRUENDER AVILA-VASQUEZ

**Case No**: 25-mj-8708-WM

**Count # 1**

**Illegal Alien in Possession of a Firearm and Ammunition**
**Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(8)**

* **Max. Term of Imprisonment:** Fifteen (15) years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00
* **Immigration Consequences of Deportation or Removal From United States After Conviction**